### Petition of THAMES TOWBOAT CO.

### THE ATLAS.

District Court, D. Connecticut. January 16, 1929.

No. 3135.

Park, Mattison & Lynch, of New York City (Henry.E. Mattison, of New York City, of counsel), for petitioner.

Silas Blake Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for claimant Jolosa.

BURROWS, District Judge. This is a motion to compel the petitioner herein to transfer the lighter Atlas and freight for the voyage, or, in the alternative, to give a stipulation with sufficient surety for the payment of the same into court, as required by the rules of the United States Supreme Court in limitation proceedings.

On July 23, 1927, Judge Thomas gave judgment by default against all claimants, including John Jalosa, in which it was "ordered that the stipulations for costs and value heretofore filed herein on behalf of the petitioner, the Thames Towboat Company, be and the same hereby are canceled, *and the sureties thereon discharged of record.*"

At the hearing on the present motion, the surety on the ad interim stipulation appeared by its manager, who also filed an affidavit wherein it is set forth that because of the order and decree of the court of July 23, 1927, the surety, upon demand of the principal, the Thames Towboat Company, and its representations that there was no further liability upon the bond or stipulation, returned to said the Thames Towboat Company the sum of $4,000, which had theretofore been deposited with the surety as collateral security.

On November 22, 1927, Judge Goddard, upon proper motion, opened the judgment by default, reciting in his decree as follows: "Ordered that upon payment by John Jalosa to the petitioner the Thames Towboat Co., or Park, Mattison & Lynch, its proctors, of the sum of $5, including the entry of said final decree, and the further payment of $25 counsel fees incidental thereto, and the commissioner's fee, not to exceed $10, said motion be granted and the decree and order entered herein on or about July 23, 1927, be modified to the extent of permitting said John Jalosa to file his proof of claim herein nunc pro tunc as of July 20, 1927, with the commissioner appointed to receive claims, within 15 days from the date hereof, and also to file a notice of appearance, stipulation for costs and an answer to the petition herewith within 15 days from the date hereof."

The question, then, is whether or not the order and decree of Judge Goddard reinstates the ad interim stipulation, and thereby binds the surety, after it had relied upon and acted under the judgment of July 23, 1927, as above stated.

It is my opinion that this court would have no power under the present circumstances to enforce a final judgment against the surety. If, as between the principal and surety, they were in the same position as they were prior to the judgment of July 23, 1927, a different situation would arise, and their responsibility would have been revived by the order and decree of November 22, 1927. But, having acted upon the judgment of July 23, 1927, as they had a right to do, whereby their relation to the court and to each other had changed, it is my opinion that the order and decree of November 22, 1927, did not re-

vive the former stipulation. The opening of the default, and allowing the plaintiff to come in to prosecute his claim without a stipulation for value, was never intended by the court in its judgment of November 22, 1927.

An ad interim stipulation for value with approved surety in the sum of $11,001.56, nunc pro tunc as of September 24, 1925, should be given by the petitioner, the Thames Towboat Company, or the lighter Atlas and her freight for the voyage in question should be transferred to a trustee by the petitioner, Thames Towboat Company, pursuant to the provisions of sections 4283, 4284, 4285, and 4286 of the Revised Statutes of the United States (46 USCA §§ 183–186), and of the various acts amendatory thereof and supplemental thereto; and it is

So ordered.